■ AGNES MEIERER, Respondent, v. ELEANOR DAVIS, Appellant.— Order reversed on the law and facts, with costs and verdict reinstated. Memorandum: Agnes Meierer was the owner of, and a passenger in an automobile operated by Allen Decker when it came into collision with an automobile owned and operated by Eleanor Davis in which automobile Euphemia Davis was a passenger. Agnes Meierer brought an action against Eleanor Davis to recover for personal injuries (action No. 1). Eleanor Davis and the executors of Euphemia Davis brought an action to recover for the respective personal injuries sustained by Eleanor Davis and Euphemia Davis against Agnes Meierer and Allen Decker (action No. 2). The actions were tried together and the jury rendered a verdict of no cause of action in action No. 1 and a verdict of $4,000 in favor of Eleanor Davis and $6,000 in favor of the executors of Euphemia Davis in Action No. 2. The trial court set aside all of the verdicts as against the weight of evidence and ordered a new trial in both actions. We agree with the trial court that the finding of the jury implicit in its general verdict, that Eleanor Davis was free from negligence is against the weight of evidence and that the verdict in her favor for the sum of $4,000 was properly set aside and a new trial granted. However, the

negligence, if any, of Eleanor Davis was not imputable to her passenger Euphemia Davis and the record, as we read it, discloses no evidence of contributory negligence on the part of Euphemia Davis. It is apparent from the verdicts as rendered that the jury found that Mr. Decker, the driver of the Meierer car, was negligent and that his negligence was a proximate cause of the accident. After careful consideration of the testimony as to the happening of the accident and the uncontradicted testimony as to the facts and circumstances surrounding the scene of the accident, we conclude that the finding of negligence on the part of Mr. Decker, the driver of the Meierer car, is sustained by a fair preponderance of the evidence. We therefore conclude that it was an improvident exercise of discretion to set aside the verdict in favor of the executors of Euphemia Davis in action No. 2, and likewise the verdict of no cause of action in action No. 1. The order setting aside the verdict and granting a new trial in action No. 1 should, therefore, be reversed and the verdict reinstated. The order in action No. 2 insofar as it sets aside the verdict in favor of the executors of Euphemia Davis should be reversed and the verdict reinstated. The order insofar as it sets aside the verdict in favor of Eleanor Davis in action No. 2 and grants a new trial should be affirmed, without costs. All concur. (Appeal from an order of Niagara Trial Term setting aside the verdict of a jury in favor of defendant for no cause of action and granting a new trial in an automobile negligence action.) Present— McCurn, P. J., Kimball, Bastow, Goldman and Halpern, JJ.